UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>ZNEXT MINING CORPORATION, INC., et al.,<br><br>        Defendants. | Case No. 09-cv-02611-VRW (JD)<br><br>**ORDER RE RELIEF FROM FINAL JUDGMENT** |

        This case for civil securities fraud closed in 2010 upon entry of a final judgment of permanent injunction and other relief by a now-retired district judge. Dkt. Nos. 15, 17.[1] Pro se defendant Elvira Gamboa, who the SEC identified as defendant ZNext Mining Corporation's founder, and sole shareholder and controller, *see* Dkt. No. 1 ¶ 11, has filed a motion seeking relief from the 2010 judgment. Although Gamboa cited only California state procedural rules, the Court construes the motion as a request for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007). The Court was randomly assigned the motion as the District's General Duty Judge in July 2021. Relief is denied.

        Gamboa's motion, which runs to approximately 65 pages with attachments, is a hodgepodge of contentions to the effect that she did not violate the securities laws. Among other allegations, Gamboa says that an "imposter" appeared as her at an SEC hearing in Los Angeles that preceded the final judgment, and that "stock bashers" in a "broiler room" were working to

---

[1] The initial final judgment, Dkt. No. 15, was amended to correct a calculation error of no materiality here, Dkt. No. 17.

destroy her "good name." Dkt. No. 18 ¶ 7 (ECF p. 7).[2] Gamboa also says that she had a "massive brain hemorrhage" and "sub-arachnoid aneurism" in 2008, which affected her ability to defend against the SEC action. *Id*. ¶ 6 (ECF p. 8). She is particularly concerned about a reduction in Social Security benefits that started in 2010 in connection with "SEC Garnishment." *Id*. ¶ 7 (ECF p. 8).

The SEC responded to the motion with a detailed statement of events relating to the 2010 final judgment. *See* Dkt. No. 19. The SEC described Gamboa's efforts to evade service before entry of judgment, and her "campaign to subvert collection" afterwards. *Id*. at 4. The SEC eventually referred the judgment to the Department of Treasury for debt collection, which included an offset of Social Security benefits. *Id*. at 4-5.

Gamboa does not meaningfully dispute the SEC's statements. Instead, the reply papers focus again on "stock bashers" who are said to have "brazenly loathed" her, and similar allegations. Dkt. No. 20 ¶ 2 (ECF p. 7). The reply also claims that she participated in the first heart and lung transplant in 1981 at Stanford University Medical School, and in the discovery of "HIV Antibodies." *Id*. ¶¶ 4-6 (ECF pp. 8-11).

Overall, the motion is an inchoate mass of often unintelligible statements, some of which strain credulity. The only allegation that gives potential pause is Gamboa's claim of a brain hemorrhage and aneurism in 2008, but this is less than it appears. Gamboa indicates that she recovered from the event by the end of 2009. *See* Dkt. No. 18 ¶ 6 (ECF pp. 8, 17); Dkt. No. 20 at ECF p. 21. In addition, Gamboa gives no good reason for why she waited 11 years before raising a health concern as a possible basis of unwinding the final judgment. The record provides no evidence that she was medically incapable of seeking relief before filing this motion in July 2021.

Rule 60(b) identifies several grounds that might afford relief from a final judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party;

---

[2] The paragraph numbering is not always consistent in the motion, and so ECF page numbers are provided for clarity.

(4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Nothing in the motion presents a good reason for relief under these provisions. Subsections (1), (2), and (3) do not apply because they must be raised within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1); *In re Gilman*, 887 F.3d 956, 964 n.8 (9th Cir. 2018) (the one-year rule is a "hard limit"). There is no indication that Gamboa was unaware of the entry of final judgment. To the contrary, she acknowledges that she knew in 2010 that her Social Security checks were reduced as a result of debt collection on the judgment amount. *See, e.g.,* Dkt. No. 18 ¶ 7 (ECF p. 8). In addition, the initial final judgment has a proof of service indicating that it was served on ZNext's business address. *See* Dkt. No. 15 at 7-8.

So too for subsection (b)(4). This claim may be raised only within a "reasonable time" after judgment, Fed. R. Civ. P. 60(c)(1), which is determined by "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citation omitted). Nothing in the record before the Court indicates any "extraordinary circumstances" that might excuse Gamboa's 11-year delay in bringing this motion. *See United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985). The interests of finality, and potential prejudice to the government, further weigh against relief under subsection 60(b)(4). The same goes for subsection 60(b)(6) as a potential basis for relief.

Consequently, Gamboa is not entitled to relief from the judgment under Rule 60. The motion is denied. Gamboa is advised that she may not file any further motions in this case without the Court's prior approval. Motions filed in violation of this order will be summarily terminated.

**IT IS SO ORDERED.**

Dated: September 1, 2021

JAMES DONATO
United States District Judge